UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KATHY THOMPSON o/b/o
D.J., a minor child,

        Plaintiff,

vs.    CASE NO. 3:02-cv-987-J-TEM

JO ANNE B. BARNHART,
Commissioner of
Social Security,

        Defendant.
_____

### FINAL ORDER[1]

This case is before the Court on Plaintiff's Complaint (Doc. #1), filed October 25, 2002, seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for Supplemental Security Income disability benefits for her child under the Social Security Act.

The Court has reviewed the record, considered the Memoranda of the parties (Docs. #22 & #27), and heard oral argument on September 20, 2005. For the reasons more fully stated in the transcript of the Court's Findings, which is incorporated by reference and attached hereto,[2] the Court has determined the decision of the underlying Administrative Law Judge is supported by substantial evidence and shall be affirmed.

---

[1] The parties have consented to exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). See Doc. #25.

[2] In the interest of the Court rendering a timely decision, the Court has made minor editorial revisions or corrections to the attached Findings provided by the court reporter. These revised findings are intended to be the final decision of the Court. However, if any review of this decision is sought, any party may, of course, ask to have a transcript of the Court's original announced findings included in the appellate record.

Accordingly, it is hereby **ORDERED**:

1. The Commissioner's decision is **AFFIRMED** pursuant to sentence four of 42 U.S.C. §§ 405(g) and 1383(c)(3).

2. The Clerk of the Court is directed to enter judgment consistent with this ruling and, thereafter, to close the file.

3. Each party shall bear its own costs.

**DONE AND ORDERED** at Jacksonville, Florida this 30th day of September, 2005.

      *Thomas E. Morris*
      THOMAS E. MORRIS
      United States Magistrate Judge

Copies to all counsel of record

```
 1           IN THE UNITED STATES DISTRICT COURT, MIDDLE DISTRICT

 2                  OF FLORIDA, JACKSONVILLE DIVISION

 3    KATHY THOMPSON, o/b/o,          Case No. 3:02-cv-987-T-TEM

 4    D.J, a minor child,             Jacksonville, Florida

 5              Plaintiff,            Tuesday, September 20, 2005

 6    -vs-                            2:00 p.m.

 7    JO ANNE B. BARNHART,            Courtroom 5 B

 8    Commissioner of Social

 9    Security,

10              Defendant.

11
                    TRANSCRIPT OF THE COURT'S FINDINGS
12                BY THE HONORABLE THOMAS E. MORRIS
                      UNITED STATES MAGISTRATE JUDGE
13


14    COUNSEL FOR THE PLAINTIFF:

15    N. ALBERT BACHARACH, JR.
      Law Office of N. Albert Bacharach, Jr.
16    115 N.E. 6th Avenue
      Gainesville, Florida 32601          (Appearing by telephone)
17
      COUNSEL FOR THE DEFENDANT:
18
      SUSAN R. WALDRON, Assistant U.S. Attorney
19    U.S. Attorney's Office
      400 N. Tampa Street
20    Suite 3200
      Tampa, Florida  33602              (Appearing by telephone)
21
      Court Reporter:
22              Deanne M. Moore, RMR, CRR
                P.O. Box 924
23              Jacksonville, Florida   32201
                Telephone:  (904) 301-6843  Fax: (904) 301-6847
24              Internet:  deanneferreira@msn.com

25    (Proceedings reported by microprocessor stenography;
      transcript produced by computer.)
```

```
 1                     P R O C E E D I N G S
 2    Tuesday, September 20, 2005                      2:00 a.m.
 3                          - - - - -
 4           THE COURT:  Good afternoon again.  We're back on
 5    the case of Kathy Thompson on behalf of Decorsey -- Decorey
 6    Johnson, pardon me, versus the Commissioner of Social
 7    Security, Jo Anne Barnhart.  It's case 3:02-civil-987-J-TEM.
 8           And I appreciate your arguments this afternoon.
 9    They gave me some cause for thinking and researching on a
10    couple of additional legal points.
11           The procedural history of the case is that the
12    mother, Mrs. Kathy Thompson, filed for SSI payments on behalf
13    of her child, Decorsey Decorey, on November 9th, 1995.
14    Transcript 25 to 27.
15           The alleged onset of claimant's disability was when
16    the child was nine years old.  Claimant was found to be
17    disabled as of November 1st, 1995.  Transcript 28 and 29.
18           On July 1st of 1997 claimant was notified that
19    pursuant to The Personal Responsibility and Work Opportunity
20    Reconciliation Act of 1996, Public Law Number, 104-193110,
21    Statute 2105, Section 211(d)(2), a determination had been
22    made that he was no longer disabled and that his benefits
23    would cease.  Transcript 32.
24           The mother requested a reconsideration of the
25    redetermination of claimant's disability under the new law.
```

```
 1  Transcript 35 to 36.  However, after a hearing on September
 2  28th, 1998, a disability officer again found that the
 3  claimant's disability had ended on June 1st, 1997.
 4  Transcript 39 to 44.
 5          After allowing two continuances at the mother's
 6  request, Administrative Law Judge Linda Haack held the
 7  administrative hearing on May 26th of 1999 at which time Mrs.
 8  Thompson and the child claimant both appeared and testified.
 9  Attorney Albert Bacharach, Jr., represented the claimant at the
10  hearing.  A transcript of the hearing is at Transcript 257 to
11  286.
12          The Administrative Law Judge Haack issued her
13  decision denying benefits on August 11th, 1999.  Transcript
14  14 to 24.
15          The Appeals Council granted the request for a
16  review, however it never received a response to its notice
17  granting review.  Transcript 7.  On August 15th of 2002, the
18  Appeals Council adopted the ALJ's decision with the exception
19  of the cessation date of benefit payments and the ending date
20  of eligibility.  Transcript 7 through 10.
21          The complaint was filed in federal court on October
22  25th, 2002.  Document Number 1.
23          The parties filed their briefs and the Court
24  heard oral argument this afternoon.  The plaintiff's
25  memorandum is Document Number 22.  The defendant's memorandum
```

is Document Number 27.

And for the reasons I'll herein after state the Court will affirm the decision of the Commissioner.

In order for an individual under the age of 18 to be entitled to supplemental income security benefits, a claimant must have a medically determinable physical or mental impairment which results in marked and severe functional limitations, and which has lasted or could be expected to last for a continuance period of not less than 12 months. 42 U.S. Code, Section 1382c(a)(3)(C)(I); and 20 C.F.R., Section 416.906. Under the applicable regulations the Commissioner employs a three-step evaluation process. First she determines whether the claimant is engaged in substantial gainful activity. If not, the next determination is whether the claimant has a severe impairment or combination of impairments. If so, the Commissioner must then determine whether the impairment or combination of impairments meet or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P, and otherwise satisfy the duration requirement. Where the claimant fails to satisfy any of the criteria, he or she will be found to be not disabled. Where each of these requirements is satisfied the claimant will be found disabled. 20 C.F.R., Section 416.924 to 416.926a; *Wilson versus Apfel,* 179 F.3d 278, 1276, 1277, note 1,

Case 3:02-cv-00987-TEM   Document 32   Filed 09/30/05   Page 7 of 18 PageID 102

5

Eleventh Circuit, 1999.  See also 20 C.F.R., Section 416.926a.

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  *McRoberts versus Bowen,* 841 F.2d 1077 at 1080, Eleventh Circuit, 1988.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  42 U.S. Code, Section 405(g).  Substantial evidence is, quote, such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, end quote.  *Richardson versus Perales,* 402 U.S. 389 at 401, 1971, quoting *Consolidated Edison Company versus NLRB,* 403 U.S. 197 at 229, 1938.  Also *Miles versus Chater,* 84 F.3d 1397 at 1400, Eleventh Circuit, 1996.  The Commissioner must apply the correct law and determine -- and demonstrate that she has done so.  While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton versus Department of HHS* at 21 F.3d 1064 at 1066, Eleventh Circuit, 1994.

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Grant versus*

*Richardson,* 445 F.2d 656, Fifth Circuit, 1971. Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court will not reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Bloodsworth versus Heckler,* 703 F.2d 1233, Eleventh Circuit, 1983.

Plaintiff raises two issues on appeal. First, plaintiff claims the ALJ failed in her basic duty to fully and fairly develop the record. Second, plaintiff claims the ALJ erred in determining that the claimant's limitations caused by his attention deficit disorder, coupled with his low IQ, did not meet or equal Listing 112.05 of the listing impairments. Plaintiff's brief at 1.

As to the full and fair record issue, plaintiff correctly notes that an ALJ has a duty to fully and fairly develop the record. *Graham versus Apfel,* 129 F.3d 1420 at 1422, Eleventh Circuit, 1997. This duty applies regardless of whether the claimant is represented by counsel. *Cowart versus Schweiker,* 662 F.2d 731 at 735, Eleventh Circuit, 1981. However that duty rises to a special level when the claimant is proceeding without benefit of counsel. *Cowart versus Schweiker* 662 F.2d at 735.

An ALJ need order a consulting examination only

1  when the record establishes the evidence received is
2  inadequate for the ALJ to render an informed decision.  20
3  C.F.R., Section 416.912(f); *Holladay versus Bowen, 848 F.2d*
4  *1206* at 1210, Eleventh Circuit, 1988.  Here the record
5  contains sufficient medical and nonmedical evidence for the
6  ALJ to make a fully-informed decision as to plaintiff's
7  claims of disability under the Social Security Act.
8         The transcript of the underlying proceedings
9  encompasses 286 pages and includes, among other things,
10 claimant's medical and school records, statements of Mrs.
11 Thompson and the minor child, correspondence concerning the
12 case, and the records reviews of two psychologists and one
13 psychiatrist.  The medical records contain test results for
14 three separate administrations of the Wechsler Intelligence
15 Scale For Children, Third Edition, two of which were ordered
16 by the Commissioner, and the notes of various treating and
17 examining psychologists and therapists.  Transcript 146 to
18 149, 177 to 185, 202 to 205 and 217 to 219.  Further, several
19 reports from the claimant's school teachers concerning the
20 claimant's behavior and progress at school have been included
21 in the record.  Transcript 121 to 143, 230 to 231, and 241 to
22 243.
23         Administrative Law Judge Haack has issued a
24 decision which reveals an extensive review and analysis of
25 the record.  The record does not contain such evidentiary

1  gaps as would prevent the ALJ from making an informed
2  decision.  See *Graham versus Apfel,* 129rd F.3d at 1422 to 23,
3  and *Holladay versus Bowen,* 848 F.2d at 1210.  Moreover,
4  plaintiff was represented by legal counsel during the
5  underlying proceedings and the attorney conducted lengthy
6  questioning (ten) ~~testimony~~ of Mrs. Thompson during the administrative hearing
7  and was given the opportunity to further supplement the
8  record.  See Transcript 279 to 285.
9        The Eleventh Circuit has stated in dicta that the
10 ALJ has a duty to make clear the weight accorded to each item
11 of evidence and the reasons for such decision.  *Cowart versus*
12 *Schweiker,* 662 F.2d at 735.  This is to enable a reviewing
13 court to determine whether the ultimate decision is based on
14 substantial evidence.  However the ALJ in *Cowart* had the
15 special duty to scrupulously and conscientiously elicit all
16 facts favorable to the claimant who appeared as an
17 unrepresented party.  In the instant action, the plaintiff
18 was represented during the administrative proceedings and is
19 now represented by legal counsel in this action.  The
20 questioning by plaintiff's representative and by the ALJ
21 during the administrative hearing provided sufficient
22 supplemental evidence to complete the record and provide
23 adequate information upon which the ALJ could base her
24 findings.
25       Plaintiff has failed to demonstrate that she was

clearly prejudiced by the ALJ regarding the development of the record. *Smith versus Schweiker,* 677 F.2d 826 at 829, Eleventh Circuit, 1982. The ALJ is not responsible to develop evidence to prove a claimant's case, that burden remains with the claimant. The ALJ is an examiner charged with developing the facts, as noted in the *Smith versus Schweiker* case. Contrary to plaintiff's assertion, the ALJ did not err by failing to order an additional consultive examination.

As to the second issue, plaintiff's argument is somewhat puzzling. Although plaintiff claims the ALJ erred in her determination that the claimant's impairments did not meet or equal a listing of impairments, plaintiff argues the ALJ should have consulted a medical expert on this point. Plaintiff's brief at 12 to 14. However, just as there was no need to order another consultive examination, nor was there a need for the ALJ to contact a medical expert on this point. The evidence is not unclear and the record contains sufficient evidence for the ALJ to render an informed decision.

Plaintiff argues today that the child met Listing 112.05(D) and that the ALJ did not make a proper step analysis by relying on the 1996 test scores which showed an IQ higher than 70. Although plaintiff argues the ALJ erred because she rejected the child's IQ level as not meeting a

1  listing, the Court cannot agree.  The ALJ found the child to
2  have borderline intellectual functioning.  Transcript 23,
3  finding number 3.  The ALJ did not reject the lower IQ test
4  results from Dr. David's testing of the child in 1998, rather
5  she discredited the validity of those results using the
6  reasoning provided by Dr. David himself and the other IQ
7  testing evidence of record.  Transcript 21.  There are
8  several regulations concerning test scores, and I will cite
9  to 416.924a(a)(A)(ii) and 920- -- at 416.926(e)(4) which
10 indicates that the Commissioner will not rely upon the test
11 score alone.  Also the listings in 404, Subpart P, Appendix I
12 at Section 112.00, (D)(9) contain discussions of test scores.
13          Even if the 1998 test scores were used, however, a
14 close reading of Listing 112.05 for mental retardation
15 reveals the minor child did not meet the listing.  While the
16 child was assessed on at least one test to have an IQ between
17 60 and 70, the ALJ specifically found the child's other
18 severe impairments did not impose an additional or
19 significant limitation of function.  The ALJ's analysis on
20 this point is thorough and includes reference to several
21 pieces of supporting evidence in the record.  See transcript
22 21 to 23.
23          In her analysis the ALJ explicitly assesses the
24 severity of the child's mental impairments in accordance with
25 Part 404, Subpart P, Appendix 1, Section 112.00 for Mental

1  Disorders.  The ALJ made severity findings in each of the
2  named functional areas, which include motor function,
3  cognitive/communication function, social function, personal
4  function, and concentration, persistence and pace.
5  Transcript 21 to 23.  The ALJ did not find marked or extreme
6  functional limitations in these areas.
7           In sequential validation step number 3, once an ALJ
8  concludes a child's severe impairment or combination of
9  impairments did not meat or medically equal a listed
10 impairment, the ALJ must lastly decide whether the impairment
11 or combination of impairments functionally equals the
12 severity of any listed impairment.  To do so, in accordance
13 with the regulations, a child's functional limitations will
14 be evaluated in the following six broad functional areas
15 called domains:  1, acquiring and using information; 2,
16 attending and completing tasks; 3, interacting and relating
17 with others; 4, moving about and manipulating objects; 5,
18 caring for yourself; and 6, health and physical well being.
19 See 20 C.F.R., Section 416.926a(b)(1)(1-vi).  A medically
20 determinable impairment or combination of impairments
21 functionally equals a listed impairment if it results in
22 marked limitations in two domains of functioning or an
23 extreme limitation in one domain.  20 C.F.R., Section
24 416.926a.
25          As noted earlier the ALJ explicitly uses language

for assessment of the child's mental impairments in the named functional areas. She does not use the precise language of the named domains, but her discussion considers factors within each of these domains. Transcript 20 to 23. The ALJ did not find the child to have an extreme or marked limitation within those domains.

For example, regarding the first and second domains, acquiring and using information and attending and completing tasks, the ALJ noted that the child had been able to complete school assignments that were acceptable and he was working on grade level in spite of being disruptive in class. Concerning the second domain of attending and completing tasks, the ALJ noted the child had been diagnosed with ADHD (TEM) but had not taken the (TEM) prescribed (TEM) -- Ritalin for approximately four months prior to the latest psychological or IQ evaluation. Transcript 20. Regarding the domain of interacting and relating to others, the ALJ found the child had a moderate degree of limitation in social functioning. Transcript 22. In this regard, the child testified he has friends at school and likes being with his friends, but other reports indicate he interacts well with the younger children, however he is disrespectful and ignores authority. Transcript 22. There is no contention by plaintiff and no evidence in the record that the child suffers from any physical limitations. Thus, the ALJ found there is no

indication that the claimant has any limitation in motor functioning which corresponds to the domain of moving about and manipulating objects. Transcript 22. Because it was reported the child's hygiene, grooming and self care skills were essentially good, the ALJ found he had a less than marked degree of limitation in personal functioning which is associated with the domains of caring for yourself and health and physical well being.

While the plaintiff's second issue implies the ALJ did not properly consider the child's impairments in combination, a close reading of the 1999 decision reveals otherwise. The ALJ's decision comments on the child's psychological and IQ evaluation, including the fact the child had not been taking his medication for ADHD for approximately four months prior to the last evaluation. Further, the ALJ specifically considers the testimony of both the minor child and his mother and the statements of the child's teachers. Transcript 19 to 21.

In the Eleventh Circuit a statement by the ALJ that the claimant did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulation number 4, constitutes sufficient evidence that the ALJ considered the combined effects of the claimant's impairments. See *Jones versus Department of health & Human Services,* 941 F.2d 1529 to 1533,

```
 1  Eleventh Circuit, 1991.  In Wheeler versus Heckler, 784 F.2d
 2  1073 at 1076, Eleventh Circuit, 1986, the Court found it was
 3  clear the ALJ considered the claimant's impairments in
 4  combination where he stated that, quote, based upon a
 5  thorough consideration of all evidence, the ALJ concludes
 6  that the appellate is not suffering from any impairment or
 7  combination of impairments of sufficient severity to prevent
 8  him from engaging in any substantial gainful activity for a
 9  period of at least 12 continuous months, end quote.
10          Here the ALJ used language similar to that deemed
11  acceptable in Jones and Wheeler.  The ALJ specifically
12  stated, quote, based upon a thorough consideration of all the
13  evidence, the Administrative Law Judge concludes that
14  claimant is not suffering from any impairment or combination
15  of impairments, including impairments which alone would not
16  be severe, which are functionally equivalent to a listed
17  impairment.  His impairments do not result in marked and
18  severe functional limitations, end quote.  Transcript 23.
19          The ALJ's analysis is sufficient in detail
20  concerning the child's impairments both singly and in
21  combination.
22          Thus, in conclusion, substantial evidence supports
23  the ALJ's decision.  Then For the reasons stated herein, the
24  decision of the Commissioner is affirmed.
25          Again I want to thank both of you for your
```

1   arguments this ~~morning [sic]~~ afternoon (TEM). They did cause some additional
2   thought and consideration and I appreciate them.
3           Is there anything else we take up today, Counsel?
4           MR. BACHARACH: Nothing from plaintiff, Your Honor.
5           MRS. WALDRON: No, nothing for the Commissioner,
6   Your Honor.
7           THE COURT: All right. I thank both of you again.
8   And we'll be in recess.
9           MRS. WALDRON: Thank you.
10          MR. BACHARACH: Thank you.
11          (The hearing was adjourned at 5:07 p.m.)

```
 1                    CERTIFICATE
 2   UNITED STATES DISTRICT COURT
 3   MIDDLE DISTRICT OF FLORIDA
 4         I hereby certify that the foregoing transcript is a
 5   true and correct computer-aided transcription of my stenotype
 6   notes taken at the time and place indicated therein.
 7
 8   _____
     DEANNE M. MOORE
 9   Official Court Reporter
     United States District Court
10   Middle District of Florida.
```

*Registered Merit Reporter (RMR)*

*Certified Realtime Reporter (CRR)*